UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DEJUAN CAIN PEREZ,

               Plaintiff,

    v.

GEICO SECURE INSURANCE COMPANY,

               Defendant.

Case No. 3:22-cv-5145-TLF

ORDER

This matter comes before the Court on defendant's motion for leave to file amended answer/counterclaim. Dkt. 19. Based on the parties' briefings and the balance of the record, the Court grants in part and denies in part defendant's motion for leave to amend.

### FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed this complaint alleging that plaintiff was involved in a traffic accident caused by an underinsured motorist on June 8, 2021. Dkt. 1-1 at ¶ 2.9. The complaint alleges that plaintiff was not at fault and suffered damages. *Id.* at ¶¶ 2.10, 2.12. Plaintiff states that plaintiff had an automobile insurance policy with defendant GEICO at the time of the accident. Dkt. 1-1, at ¶¶ 2.4-2.9.

Plaintiff contends that he did not waive the Personal Injury Protection or Underinsured Motorist Coverage when he purchased the policy. Dkt. 1-1 at ¶¶ 2.6-2.8.

ORDER - 1

1  The complaint also says that after purchasing the policy, defendant sent plaintiff an
2  option form to sign which would waive his Underinsured Motorist Coverage. *Id.* Plaintiff
3  states he did not sign or return this option form. *Id.*
4        Plaintiff alleges that after counsel contacted defendant, defendant emailed
5  plaintiff a PDF document – purported to be a DocuSigned waiver of Underinsured
6  Motorist and Personal Injury Protection Coverage. Dkt. 1-1 at ¶ 2.18. But, plaintiff
7  asserts the document was actually a PDF of the waiver sent to plaintiff (as detailed in
8  the complaint, Dkt. 1-1 at ¶¶ 2.7, 2.8), and the waiver had not been signed or returned
9  by plaintiff. Dkt. 1-1 at ¶ 2.18. The complaint alleges, "[t]his document had a screenshot
10 of a signature from a different document which had been DocuSigned by Plaintiff, which
11 had been affixed to the PDF by a GEICO employee." Dkt. 1-1 at ¶ 2.18. Plaintiff asserts
12 that the employee did this "to fraudulently deny Plaintiff Underinsured Motorist
13 Coverage and Personal Injury Protection Coverage related to the June 8, 2021,
14 collision." *Id.* at ¶ 2.19.
15       Defendant filed an answer and counterclaim alleging that plaintiff waived the
16 Underinsured Motorist Coverage on April 25, 2021, by signing an option form rejecting
17 the coverage via plaintiff's mobile phone. Dkt. 5, Defendant's Answer, Affirmative
18 Defenses, and Counterclaim Against Plaintiff, at 2, 8-9. Defendant raised a counterclaim
19 stating, "GEICO allege that Plaintiff committed fraud under RCW 48.30.230 by
20 submitting this claim which contains false and fraudulent misrepresentations and
21 concealment claims for the purpose of receiving a payment for loss under GEICO's
22 contract of insurance." Dkt. 5 at 9.
23
24
25

ORDER - 2

1    Plaintiff filed a 12(b)(6) motion, requesting the court dismiss defendant's
2 counterclaim of fraud under RCW 48.30.230. Dkt. 7. The Court granted plaintiff's motion
3 and dismissed defendant's counterclaim because: 1) RCW 48.30.230 is a criminal
4 statute and defendant did not provide authority supporting the position that RCW
5 48.30.230 created a private right of action; and 2) even if RCW 48.30.230 created a
6 privately enforceable right of action, the facts asserted in the counterclaim failed to state
7 a viable cause of action. Dkt. 15.

8    The Court allowed defendant to seek leave to file an amended answer and
9 counterclaim in compliance with the Federal Rules of Civil Procedure and the Court's
10 local rules. Dkt. 15 at 11. The Court also directed the parties to meet and confer to
11 determine whether plaintiff would object to the proposed amended answer and
12 counterclaim, or would file a written consent to the amendment. Dkt. 15 at 11-12.

13    On September 7, 2022, counsel for defendant emailed plaintiff's counsel
14 requesting written consent to amend the Answer/Counterclaim pursuant to Federal Rule
15 of Civil Procedure 15(a)(2). Dkt. 20-1, Email (9/7/2022). Plaintiff's counsel stated that
16 they could not give consent without reviewing the proposed amended pleadings. *Id.* On
17 September 9, 2022, defendant filed a motion for leave to file amended
18 answer/counterclaim with a proposed amended answer. Dkt. 19.

19    Defendant's proposed Amended Answer, Affirmative Defenses and
20 Counterclaims alleges that on April 25, 2021, plaintiff rejected Personal Injury Protection
21 and Underinsured Motorist Coverage via the GEICO website on plaintiff's phone. Dkt.
22 19-2 at 9-10. Defendant alleges that on November 9, 2021, plaintiff sent
23 correspondence to GEICO stating that the waiver "does not appear to be valid." Dkt. 19-

24

25

ORDER - 3

2 at 10. Defendant contends that plaintiff's assertion that he did not sign the waiver is false. Dkt. 19-2 at 10. Defendant raises the following counterclaims: 1) Declaratory Judgment; 2) Breach of Contract; 3) Negligent Misrepresentation; 4) Bad Faith and CPA; 5) Statutory Violations (RCW 48.30.230; 48.01.030; 48.30A.005). Dkt. 19-2 at 12-14.

DISCUSSION

Pursuant to Federal Rule of Civil Procedure 15(a), after an initial period for amendment as of right, pleadings may be amended only with the opposing party's written consent or by leave of the court. Leave to amend should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2); *Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014) ("[T]his policy is to be applied with extreme liberality.").

The Court considers five factors when determining the propriety for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint. *Desertrain*, 754 F.3d at 1154; *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). For each of these factors, the party opposing amendment has the burden of showing that amendment is not warranted. *DCD Programs. Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987); *see also Richardson v. United States*, 841 F.2d 993, 999 (9th Cir, 1988).

Plaintiff has opposed defendant's motion to amend arguing that defendant's motion should be denied because the claims would be futile. Plaintiff does not contend that defendant seeks leave to amend in bad faith, that there has been undue delay in seeking leave to amend or that plaintiff will be prejudiced by granting leave to amend.

ORDER - 4

Additionally, this is defendant's first motion for leave to amend. Accordingly, the only issue remaining is whether defendant's proposed counterclaims would be futile.

1. Futility of Amendment

Futility of amendment alone can justify denial of a motion to amend. *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). Leave to amend should only be denied as futile when no set of facts can be proven under the amended pleading that would constitute a valid claim. *Barahona v. Union Pac. R.R.*, 881 F.3d 1122, 1134 (9th Cir, 2018), *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) (stating that the standard for considering whether amendment would be futile is the same standard used when considering the sufficiency of a pleading challenged under Rule 12(b)(6)).

A. Litigation Privilege

Plaintiff's opposition argues that defendant's claims are futile under Washington's litigation privilege because the allegedly tortious conduct raised in the counterclaim arise from plaintiff filing this action.

Under Washington litigation privilege, "witnesses in judicial proceedings are absolutely immune from tort liability for claims based on their testimony." *Scott v. Am. Express Nat'l Bank*, 22 Wn. App. 2d 258, 265 (2022). The purpose of this immunity is to encourage full and frank testimony. *Id.* This immunity is applied where "the conduct bears some relation to a judicial proceeding and where compelling public policy justifications support its application." *Id.* Further, the immunity protects parties when their statements have some relation to the judicial proceeding and has bearing on the subject matter of the litigation. *Id.* at 266 ("This encourages parties to pursue their rights through the judicial system without fear of incurring liability solely based on their actions

ORDER - 5

in connection to the suit."). Yet, parties and attorneys can still be liable for tortious use of the legal system. *Id.* at 265.

In *Scott v. Am. Express Nat'l Bank,* American Express (Amex) filed a lawsuit against Floyd Scott for failing to repay credit card debt. *Scott*, 22 Wn. App. 2d at 261. After the complaint was dismissed, Mr. Scott filed suit against Amex and its attorneys for intentional infliction of emotional distress and violation of the Consumer Protection Act. *Id.* The trial court held, and the court of appeals affirmed, that litigation privilege applied to Amex's act of filing a lawsuit against Mr. Scott and filing a motion for summary judgment. *Id.* at 266-67 (noting that Mr. Scott did not bring a claim for abuse of process).

Defendant argues that the court in *Scott*, held that the litigation privilege does not apply to CPA claims. Dkt. 22 at 2. The court in *Scott* held that "litigation privilege does not shield collection agencies from CPA claims if they violate the WCAA." *Scott*, 22 Wn. App. 2d at 269. The relevant statute in the *Scott* case prohibits collection agencies from bringing lawsuits involving collections without proving that they are duly licensed and satisfy the bonding requirement. *Id.* at 269-70 (citing RCW 19.16.250; 19.16.260; 19.16.440). This narrow application in *Scott* is consistent with the exceptions that the courts have set forth for the litigation privilege stating that parties can still be found liable for tortious use of the legal system.

Defendants' reply brief acknowledges that at least some of the allegations raised in the complaint arise from the fact that plaintiff filed this lawsuit. Dkt. 22. Defendant's proposed amended counterclaims do not state any causes of action alleging malicious litigation or for tortious use of the litigation process. Dkt. 19-2 at 12-14. Further,

ORDER - 6

1 defendant's CPA claim does not allege that plaintiff is a collection agency or that plaintiff
2 is violating a statute related to abuse of the litigation process. Dkt. 19-2 at 12-14.
3 Accordingly, because filing a lawsuit is pertinent to the relief sought and the litigation as
4 a whole, the litigation privilege provides immunity to plaintiff's conduct of filing a lawsuit.
5 *Scott*, 22 Wn. App. at 266-67.
6     Therefore, defendant's counterclaims -- that are based on plaintiff's conduct of
7 filing this lawsuit -- are futile under Washington's litigation privilege.
8     B.  Declaratory Judgment
9     Pursuant to RCW 7.24.010, Courts of record within their respective jurisdiction
10 have the power to issue declarations of rights, status and other legal relations, including
11 issues around the validity and construction of a legal instrument. RCW. 7.24.010; 020.
12 The elements required to establish a right to declaratory relief in Washington are: (1) an
13 actual, present, and existing dispute; (2) parties having genuine and opposing interests;
14 (3) which are direct and substantial rather than potential or abstract; and (4) a judicial
15 determination which will be final and conclusive. *Stevens County v. Stevens County*
16 *Sheriff's Dep't*, 20 Wn. App.2d 34, 41 (2021); *Lechelt v. City of Seattle*, 32 Wn. App.
17 831, 835-836 (1982). The party seeking declaratory relief must also show a direct and
18 substantial interest in the judicial determination. *Stevens County*, 20 Wn.App.2d at 41.
19     Defendant's declaratory relief counterclaim seeks a declaratory judgment that the
20 insurance policy at issue is void and that plaintiff is not entitled to benefits or coverage.
21 Dkt. 19-2 at 12. Defendant has sufficiently alleged that they have a direct and
22 substantial interest in the interpretation of the relevant insurance policy. Additionally, the
23 parties have opposing interests in an actual and present dispute – whether the denial of
24
25

coverage under the insurance policy was proper. Further, a judicial determination regarding the validity of the policy as well as plaintiff's entitlement to benefits or coverage under the policy would be determinative of the parties' dispute.

Based on the foregoing, defendant has alleged sufficient facts to state a claim for declaratory relief.

### C. Breach of Contract

To state a counterclaim for breach of an insurance contract, defendant must allege: (1) the existence of a legal duty under an enforceable contract; (2) breach of that duty; and (3) damages proximately caused by the breach. *Northwest Indep. Forest Mfrs. v. Dep. Of Labor & Indus.*, 78 Wn. App. 707, 712 (1995).

Defendant alleges that there was a valid contract between plaintiff and defendant – insurance policy number 6062-95-82-82. Dkt. 19-2 Defendant's Answer, Affirmative Defenses and Amended Counterclaim Against Plaintiff at 9. Defendant alleges that the relevant insurance policy contained the following provision:

> 12. FRAUD AND MISREPRESENTATION
>
> Coverage is not provided to any person who intentionally conceals or misrepresents any material fact or circumstances relating to this insurance:
>
> (a) At the time application is made; or
> (b) At any time during the policy period; or
> (c) In connection with the presentation or settlement of a claim.

Dkt. 19-2 at 11.

The counterclaim alleges that plaintiff breached this provision of the insurance contract by making material misrepresentations to defendant and concealed material information from defendant during the investigation of plaintiff's claim. Dkt. 19-2 at 12-

ORDER - 8

1  13. Further, defendant contends that this alleged breach caused defendant damage,

2  including the cost of investigating plaintiff's allegedly false statements. Dkt. 19-2 at 13.

3       Based on the foregoing, defendant has sufficiently alleged a counterclaim for

4  breach of contract and this claim would not be futile.

5       D. <u>Statutory Violation</u>

6       Defendant raises a claim for statutory violations alleging that plaintiff violated

7  RCW 48.30.230, 48.01.030, and 48.30A.005.

8       a. <u>RCW 48.30.230</u>

9       RCW 48.30.230 criminalizes insurance fraud. It states as follows:

> (1) It is unlawful for any person, knowing it to be such, to:
> (a) Present, or cause to be presented, a false or fraudulent claim, or any proof in support of such a claim, for the payment of a loss under a contract of insurance; or
> (b) Prepare, make, or subscribe any false or fraudulent account, certificate, affidavit, or proof of loss, or other document or writing, with intent that it be presented or used in support of such a claim.
> (2)(a) Except as provided in (b) of this subsection, a violation of this section is a gross misdemeanor.
> (b) If the claim is in excess of one thousand five hundred dollars, the violation is a class C felony punishable according to chapter 9A.20 RCW.

18      RCW 48.30.230

19      A private right of action does not exist for all injuries caused by a violation of a

20 criminal code. *Cent. Bank, N.A. v. First Interstate Bank, N.A.*, 511 U.S. 164, 190 (1994).

21 By the plain language of the statute, RCW 48.30.230 does not expressly create a

22 private right of action allowing for enforcement by a private party. Defendant argues that

23 RCW 48.30.230 creates an implied private right of action. Yet, even if the Court

ORDER - 9

assumes for purposes of this analysis that RCW 48.30.230 creates an implied private right of action, defendant's claims would still be subject to dismissal.

Defendant's counterclaim alleges that plaintiff violated RCW 48.30.230 by making misrepresentations and concealments by filing the complaint in this litigation. This allegation does not fit the statutory language of RCW 48.30.230 which seeks to prosecute fraudulent *insurance* claims, not fraudulent *court* claims. Defendant has provided no authority for the position that claims alleged in a complaint filed with this Court – asking the Court to interpret the insurance contract and to provide a remedy for an alleged violation of the contract, along with other claims of violation of fiduciary duty, Specific Unfair Settlement Practices Act, the Insurance Fair Conduct Act, and Consumer Protection Act, and good faith under RCW 48.30.010, under Washington law -- would be a violation of a statute prohibiting fraudulent insurance claims.

Defendant's RCW 48.30.230 claims would be subject to dismissal and are therefore futile.

b. RCW 48.01.030 and RCW 48.30A.005

RCW 48.01.030 states that: "The business of insurance is one affected by the public interest, requiring that all persons be actuated by good faith, abstain from deception, and practice honesty and equity in all insurance matters. Upon the insurer, the insured, their providers, and their representatives rests the duty of preserving inviolate the integrity of insurance." RCW 48.01.030 is a statement of policy; it does not create a separate private right of actions for violation of the statute. *Keodalah v. Allstate Ins. Co.,* 194 Wn.2d 339, 348 (2019) ("RCW 48.01.030 may properly be read as a broad statement of public policy supporting specific provisions of the insurance code, not as

ORDER - 10

1 an additional and separate statutory cause of action."). Similarly, RCW 48.30A.005 is a
2 statement of legislative intent and the legislature's findings. It does not include any
3 language creating a separate cause of action.
4     While RCW 48.01.030 and RCW 48.30A.005 are instructive in applying other
5 relevant insurance statutes and causes of action, defendant cannot bring a separate
6 cause of action for violation of these statutes. Defendant's RCW 48.01.030 and RCW
7 48.30A.005 claims would be subject to dismissal and are therefore futile.
8     E. <u>Negligent Misrepresentation</u>
9     To state a counterclaim for negligent misrepresentation, defendant must allege
10 that: (1) plaintiff "supplied information for the guidance of [defendant] in their business
11 transaction that was false;" (2) plaintiff knew or should have known that the information
12 was supplied for the purpose of guiding defendant's actions or decisions; (3) plaintiff
13 was negligent in obtaining or communicating such false information; (4) defendant relied
14 on the false information; (5) defendant's reliance was reasonable; and (6) the false
15 information was the proximate cause of defendant's damages. *Glacier Nw., Inc., v. Int'l*
16 *Bhd. of Teamsters Local Union No. 174*, 198 Wn.2d 768, 800 n. 13 (2021).
17     Defendant alleges that plaintiff provided false information by stating that plaintiff
18 did not sign the UIM/PIP waiver and that the waiver did not appear to be valid.
19 Defendant's counterclaim does not allege that defendant reasonably relied on plaintiff's
20 alleged false assertion. Additionally, defendant's negligent misrepresentation
21 counterclaim alleges that defendant's damages stem from plaintiff's breach of contract,
22 not from defendant's reasonable reliance on plaintiff's allegedly false assertions.

Based on the foregoing, defendant's counterclaim fails to allege a counterclaim for negligent misrepresentation. Defendant's counterclaim appears to be futile.

### F. CPA

To state a claim under the Consumer Protection Act, defendant must allege that: (1) plaintiff engaged in an unfair or deceptive act or practice; (2) the act or practice occurred in the conduct of trade or commerce; (3) the act or practice affected the public interest; (4) defendant was injured in either their business or property; and (5) plaintiff's act or practice was a proximate cause of the injury. *Lahoti v. Vericheck, Inc.*, 636 F.3d 501, 510 (9th Cir. 2011) (applying Washington Law) (citing to *Nordstrom, Inc. v. Tampurlos,* 107 Wn.2d 735, 739 (1987)).

The purpose of the CPA is to protect the public. *Michael v. Mosquera-Lacy*, 165 Wn.2d 595, 603 (2009). An unfair or deceptive act or practice is an act that has the capacity to deceive a substantial portion of the public. *Trujillo v. Nw. Tr, Servs., Inc.*, 183 Wn.2d 820, 834 (2015). For a private dispute to affect the public interest, there must be a likelihood that additional people have been or will be injured in the same fashion – there must be a real potential for repetition. *Michael*, 165 Wn.2d at 603. To determine whether a private dispute affects the public interest, the Court must consider: (1) whether the alleged acts were committed in the course of plaintiff's business; (2) whether plaintiff advertised to the public in general; (3) whether plaintiff actively solicited this particular defendant indicating potential solicitation of others; and (4) whether the plaintiff and defendant have unequal bargaining positions. *Id.* (citing *Hangman Ridge Training Stables v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 790 (1986)).

Defendant raises a CPA counterclaim based on plaintiff's alleged misrepresentations to defendant and on filing this complaint. Defendant does not provide any factual allegations indicating that plaintiff's alleged conduct has the potential to deceive a substantial portion of the public or that this private insurance contract dispute affects the general public. Defendant does not allege that plaintiff acted in the course of plaintiff's own business, that plaintiff's alleged conduct was a pattern of conduct or that plaintiff is likely to repeat these acts.

Based on the foregoing, defendant's counterclaim fails to allege sufficient facts contending that plaintiff's conduct had the potential to deceive a substantial portion of the public or that the conduct affected public interest. Defendant's CPA counterclaim appears subject to dismissal and is therefore futile.

G. Bad Faith

An insurance bad faith claim arises when an insurer acts in its own interest above that of the insured. *Beasley v. GEICO Gen. Ins. Co.*, 23 Wn. App. 2d 641, 668 (2022). An insured's intentional material misrepresentation may serve as a defense precluding recovery for a claim of insurance bad faith or CPA violation. *Ki Sin Kim v. Allstate Ins. Co.*, 153 Wn. App. 339, 356 (2009). Yet, an insured's statutory duty of good faith does not create an implied cause of action for insurance bad faith. *Keodalah v. Allstate Ins. Co.*, 194 Wn.2d 339, 345-349 (2019). The Court is not aware of authority supporting the position that an insured's alleged misrepresentation can support a claim for insurance bad faith.

Based on the foregoing, defendant's bad faith claim against plaintiff appears to be subject to dismissal and is therefore futile.

## CONCLUSION

For the reasons set forth herein, the Court grants in part defendant's motion for leave to amend. Defendant's claims based on plaintiff's filing of the present litigation are barred under Washington's litigation privilege and would therefore be futile. Additionally, defendant's counterclaims for negligent misrepresentation, bad faith, CPA, and statutory violations would be subject to dismissal and are therefore futile.

Defendant's counterclaims for declaratory judgment and breach of contract are not futile and may proceed.

The Court directs defendant to submit their proposed amended answer, affirmative defenses and amended counterclaims in compliance with this order as the operative answer, affirmative defenses and counterclaims by January 13, 2023.

Dated this 29th day of December, 2022.

Theresa L. Fricke
United States Magistrate Judge